FILED
FEB 26 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY JM DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SERGIO PRECIADO DIAZ; CONCEPCION GARCIA OROZCO,

Defendants.

) Case No.: 07 MJ 2966

08cr95 BEN

ORDER

**ORDER**

1. Upon request of material witnesses MIRTA LUNA PORTILLO, HECTOR GUZMAN GARCIA, and JAIME ANTONIO PRECIADO GARCIA (hereafter "Material Witnesses"), and their counsel Wayne C. Mayer, and GOOD CAUSE APPEARING:
2. The MATERIAL WITNESSES in the case of USA v. SERGIO PRECIADO DIAZ and CONCEPTCION GARCIA OROZCO case number 07MJ2966 shall be deposed on March 14, 2008 at 9 (a.m.)/p.m. The deposition will take place in office of the United States Attorney located at 880 Front Street, Fifth Floor, San Diego California. All parties, meaning the United States and the defendants, shall attend the material witnesses deposition. The arresting agency shall bring the material witness(es) to the deposition. If, in custody, the defendants shall be brought separately to the deposition and a marshal or agent from the arresting agency shall remain present during the entire proceeding.
3. The United States Attorney's Office shall provide a videotape operator ("operator") and, if necessary, arrange for a court-certified interpreter in the

4. If the defendants need an interpreter other than the interpreter for the material witnesses (if any), then defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter for the defendant (s) shall be paid by the Court.

5. The United States Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony and serve as a notary and preside at the deposition in accordance with Rule 28(a), Federal Rules of Civil Procedure. The cost of the court reporter shall be borne by the United States Attorney's Office.

6. The deposition shall be videotaped, meaning a magnetic tape that records sound as well as visual images. At the conclusion of the deposition, on the record, the witness(es) or any party may elect to have the witness(es) review the videotape record of the deposition to check for errors or omissions and to note any changes. Any errors, omissions or changes, and the reasons for making them, shall be stated in writing, signed by the witness(es), delivered to the notary in a sealed envelope and filed in the same fashion as described in Paragraph 17 below, unless the parties agree on the record to a different procedure.

7. The operator shall select and supply all equipment required to videotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witness(es) and assures clear reproduction of both the witness' testimony and the statements of counsel. The witness(es), or any party to the action, may object on the record to the manner in which the operator handles any of these matters. Any objections shall be considered by the Court in ruling on the admissibility of the

videotape record. All such objections shall be deemed waived unless made promptly after the objector knows, or had reasonable grounds to know, of the basis for such objections.

8. The deposition shall be recorded in a fair, impartial, objective manner. The videotape equipment shall be focused on the witness(es); however, the operator may when necessary or appropriate, focus upon charts, photographs, exhibits or like material being shown to the witness(es).

9. Before examination of the witness(es), the Assistant United States Attorney shall state on the video record: his/her name; the date, time and place of the deposition; the name of the witness(es); the identity of the parties and the names of all persons present in the deposition room. The court reporter shall then swear the witness on the record. Prior to any counsel beginning an examination of the witness(es), that counsel shall identify himself/herself and his/her respective client.

10. Once the deposition begins, the operator shall not stop the videotape recorder until the deposition concludes, except that, any party or the witness(es) may request a brief recess, which request will be honored unless a party objects and specifies a good faith basis for the objection on the record. Each time the tape is stopped or started, the operator shall state on the record the time the recording stopped and the time it resumed. If the deposition requires the use of more than one tape, the operator shall sequentially identify on the record the end and beginning of each tape.

11. All objections both as to form and substance shall be recorded as if the objection had been overruled. The Court shall rule on the objections at the appropriate time. The party raising the objection(s) shall prepare a transcript for the Court to consider. All objections shall be deemed waived unless made during the deposition.

12. The Party offering the deposition into evidence at trial shall provide the Court with a transcript of the portions so offered.
13. Copies of all exhibits utilized during the videotaped deposition shall be marked for identification during the deposition and attached to the videotaped record.
14. At the conclusion of the deposition, any objection, including the basis, to the release the material witness(es) from custody shall be stated on the record. If there is no objection, the attorney for the material witness(es) shall immediately serve all parties with a "Stipulation and Proposed Order for Release of the Material Witness(es)" and submit the Order to the Clerk of the Court for the Judge's signature. Prior to release from custody the attorney for the Government shall serve the material witness(es) with a subpoena for the trial date and a travel fund advance letter.
15. The operator shall provide a copy of the videotaped deposition to any party who requests a copy at that party's expense. After preparing the requested copies, if any, the operator shall deliver the original videotape to the notary along with a certificate signed by the operator attesting that the videotape is an accurate and complete recording of the deposition. The notary shall file the original tape and certification with the Clerk of the Court in a sealed envelope marked with the caption of the case, the name of the witness(es) and the date of the deposition.
16. The notary shall file with the Clerk of the Court in a sealed envelope the original videotape, along with any exhibits offered during the deposition. The sealed envelope shall be marked with the caption of the case, the name of the witness(es), and the date of the deposition. To that envelope, the notary shall attach the certificate of the operator. If all counsel stipulate on the record, the Government may maintain the original videotape until production

is ordered by the Court or requested by any party.

17. If any party objects on the record to the release of the material witness(es) from custody, the objecting party must request in writing a hearing on the issue before the federal judge who is assigned the case or to such other district judge or magistrate judge as they designate. Notice of the request for Hearing must be served on all parties and filed with the Clerk of the Court within twenty-four (24) hours after the completion of the deposition, with a courtesy copy to chambers.

18. The court shall set a briefing schedule, if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must establish to the Court's satisfaction an appropriate legal basis for the material witness (es) to remain in custody. If, after the hearing, the Court orders the release of the material witness (es), the material witness (es)' attorney shall immediately present the release order to the Court for signature and filing. Before release of the material witness (es) from custody the Government shall serve the material witness (es) with a subpoena for the trial date and a travel fund advance letter.

19. Upon request by either party, the videotape operator shall provide a copy of the videotaped deposition to the requesting party at the requesting party's expense. After preparing the requested copies, if any, the videotape operator shall turn the original videotape over to the notary along with a certificate signed by the videotape operator attesting that the videotape is an accurate and complete record of the recorded deposition.

20. The videographer shall file the original videotape, along with any exhibits offered during the deposition, with the Court in a sealed envelope marked with the caption of the case, the name of the witness and the date of the deposition. To that envelope, the notary shall attach the sworn statement that

the videotape is an accurate and complete record of the recorded deposition and a certification that the officer duly swore the witness.

21. To the extent that the procedures set forth herein for videotaping vary from those set forth in Rules 28 and 30 F.R.Civ.P., these variations are found to be good cause shown as allowed by F.R. Civ. P. 29.

**IT IS SO ORDERED.**

DATE: 2/26/08

UNITED STATES MAGISTRATE JUDGE